## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | **RALPH M. PARKS** ) | |
| | ) | |
| | **Plaintiff,** ) | |
| **v.** | ) | **CIV-14-** 1047-L |
| | ) | |
| 1. | **RIVERSTONE RESIDENTIAL** ) | |
| | **SC, LLC, d/b/a RIVERSTONE** ) | |
| | **RESIDENTIAL GROUP, and** ) | |
| 2. | **RIVERSTONE OPERATING CO.,** ) | |
| | **INC. d/b/a RIVERSTONE** ) | |
| | **RESIDENTIAL GROUP,** ) | |
| | ) | **ATTORNEY LIEN CLAIMED** |
| | **Defendants.** ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Ralph M. Parks, and for his Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.      Plaintiff, Ralph M. Parks, is an adult male resident of Logan County, Oklahoma.

2.      Defendants are

a.      Riverstone Residential SC, LLC, d/b/a Riverstone Residential Group, an entity doing business in Oklahoma County, Oklahoma, and

b.      Riverstone Operating Co., Inc., d/b/a Riverstone Residential Group, an entity doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

1

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and (b) violation of Title VII of the Civil Rights Act of 1964 in the form of gender discrimination

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5.      All of the actions complained of herein occurred in Oklahoma County, Oklahoma.  Defendant is doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.      Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 3, 2014.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated July 24, 2014 (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7.       Plaintiff Ralph Parks was born in 1957, making him over the age of forty (40) at all times relevant hereto.

8.      Parks began his employment with Defendant on or about October 25, 2012 as a Regional Manager for the South Central Region.

9.      In his position, Parks had responsibilities over four (4) residential rental properties in Oklahoma.  Parks reported to Brian Whisnand (in his 50s), Vice President of Client Services for the South Central Region, and Loyal Proffitt (in his 40s), the Executive Vice President for the South Central Region, both of whom are located in Dallas, Texas.

10.      Throughout Parks' employment, his job performance was at least satisfactory, if not excellent.  He was able to make three (3) of his properties profitable where they had previously been operating at a loss and increase the profitability of the fourth property.  And, he was given additional responsibilities over a fifth property in or around October 2013.

11.      In or around early January 2014, Whisnand called Parks to tell him that there had been some changes in the Dallas office and that there would likely be some changes in management.  About two (2) weeks later, changes in management were announced, and Lynne Shirley (in her 50s) replaced Whisnand.

12.      On or about February 12, 2014, Shirley and Proffitt were scheduled to inspect Parks' properties.  Parks emailed Shirley to ask what their plans entailed, and Shirley requested that Parks meet her and Proffitt at their hotel in Oklahoma City.

13.      When Parks arrived at the hotel lobby, he spoke with Proffitt while Shirley was about twenty (20) feet away on a phone call.  Proffitt told Parks that he needed to look for employment elsewhere.  Parks asked what Proffitt meant, and Proffitt repeated that Parks needed to look for employment somewhere else.

14.      Proffitt then told Parks that John Gleason, a Managing Director with the Asset

3

Management firm Defendant uses, was upset with Parks' performance and was requesting a change.  Significantly, however, Gleason had recently applauded Parks' performance and sent a congratulatory email to Whisnand on or about November 7, 2013 after Gleason's last inspection of the properties.

15.    During the meeting, Proffitt also stated that Parks' communication was allegedly poor.  However, Proffitt agreed that Parks always responded to emails in a timely manner.  Proffitt then accused Parks of failing to be professional in emails.  However, when asked for examples, he could only recall an email where Parks stated calls were being made "as we speak."

16.    Shirley then joined Proffitt and Parks and a written reprimand was presented to Parks.  The write-up was marked both as a verbal and written warning, despite the fact that Parks had received no prior discipline.  Parks wrote that he disagreed with the discipline.

17.    Defendant uses a progressive disciplinary policy, where individuals receive a verbal warning, then a written warning, then potential termination.

18.    At the end of the meeting, Proffitt stated "we are not letting you go today," Parks took it as a threat that his employment would end shortly.  Proffitt also directed that Parks not contact any of his Asset Managers about the meeting.

19.    Approximately one week later, on or about February 20, 2014, Parks received an email from Julie Posey, HR Manager, requesting that he be a part of a conference call about the discipline of another employee.  Posey, Proffitt, and Shirley were on the call.  And,

instead of addressing another employee, Posey told Parks that he was terminated immediately and to turn in his company property at one of the Oklahoma locations.   Posey then asked Parks why he had sent an email to his employees after his February 12, 2014 write-up.   In response, Parks stated that he sent the email to notify his employees not to contact the asset managers about Parks and Proffitt's meeting, pursuant to Proffitt's request.

20.     Parks was replaced by a significantly younger female with substantially less experience and certifications than Parks.

21.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - ADEA

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

22.     The matters alleged above constitute violations of the ADEA in the form of age discrimination.

23.     Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, he was over the age of forty (40), was qualified for his job, was disciplined and terminated, and his position was not eliminated.

24.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the

ADEA.

## COUNT II - Title VII Gender Discrimination

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

25.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination.

26.     Plaintiff is entitled to relief under Title VII because he is male, was qualified for his job, was disciplined and terminated, and his position was not eliminated.

27.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

28.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 26th DAY OF SEPTEMBER, 2014.**

s/Jana B. Leonard

JANA B. LEONARD, OBA# 17844

EMILY VAN VOLKINBURG, OBA # 31744

LEONARD & ASSOCIATES, P.L.L.C.

8265 S. WALKER

OKLAHOMA CITY, OK 73139

(405) 239-3800        (telephone)

(405) 239-3801        (facsimile)

leonardjb@leonardlaw.net

emilyv@leonardlaw.net

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED